BROOKS R. BROWN, (pro hac vice)
bbrown@goodwinlaw.com
W. KYLE TAYMAN, (pro hac vice)
ktayman@goodwinlaw.com
**GOODWIN PROCTER LLP**
1900 N Street NW
Washington, DC  20036
Tel.:  202-346-4000
Fax.: 202-346-4444

David E. Funkhouser III (Bar. No. 022449)
Jessica A. Gale (Bar. No. 030583)
**SPENCER FANE LLP**
2415 E Camelback Rd., Ste. 600
Phoenix, AZ 85016-4251
Tel: 602-333-5430
Fax: 602-333-5431
dfunkhouser@spencerfane.com
jgale@spencerfane.com

Attorneys for Defendant
Quicken Loans Inc.

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Winters Jr., individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>      v.<br><br>Quicken Loans Inc.,<br><br>            Defendant. | Case No. 2:20-CV-00112-MTL<br><br>**CLASS ACTION**<br><br>**QUICKEN LOANS, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**(Oral Argument Requested)**<br><br>Judge:      Hon. Michael Liburdi |

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6), Quicken Loans Inc. ("Quicken Loans") respectfully submits this Memorandum of Points and Authorities in support of its Motion to Dismiss the First Amended Complaint ("FAC") filed by Plaintiff

1

ACTIVE/102199407.3

Richard Winters, Jr. ("Winters") in its entirety for failure to state a cognizable claim for violation of the cellphone provision of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii).

A Certificate of Conferral is included herein pursuant to L.R. Civ. 12.1(c).

## INTRODUCTION

Plaintiff Winters summarily alleges that Quicken Loans violated the TCPA's cellphone provision by calling and sending text messages to his purported cellphone using an Automated Telephone Dialing System ("ATDS") or artificial voice or prerecorded message—Plaintiff does not plead which as to any call or text—without his consent. Yet, except for the partial identification of a single, personalized text message from a Quicken Loans team member (employee) to Plaintiff, the FAC pleads virtually no facts about the challenged calls and text messages or the technology used to make them to support his claims. The FAC thus fails (a) to state a cognizable claim for violation of the TCPA's cellphone provision, or (b) to give fair notice to Quicken Loans of the factual basis (if any) for that claim. As demonstrated below, dismissal is warranted and appropriate for at least three independent reasons.

First, the FAC is devoid of any plausible factual allegations sufficient to sustain Plaintiff's pleading burden under Rule 8. While Plaintiff states the conclusion that he received "multiple" text messages and calls, he does not plead the number of such calls or texts, the dates of such calls or texts, or the content of such calls or texts. In the absence of such basic factual allegations, the FAC must be dismissed because it fails to give Quicken Loans fair notice of the claims against it and the potential exposure it faces. *Priester v. eDegreeAdvisor, LLC*, No. 5:15-cv-04218-EJD, 2017 WL 4237008, at *2 (N.D. Cal. Sept. 25, 2017).

Second, the FAC lacks any factual allegations from which this Court could conclude either that (a) the alleged text messages and calls were made using an ATDS, or (b) any of

the challenged calls contained an artificial voice or prerecorded message—necessary elements of a TCPA cellphone provision claim. 47 U.S.C. § 227(b)(1). As to the ATDS element, the TCPA defines an ATDS as equipment which has the capacity "(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1)(A). Here, Plaintiff pleads no factual allegations (let alone the requisite plausible factual allegations) to establish that equipment meeting this definition was used to make any of the challenged (but unidentified) calls and texts. Instead, Winters offers only his unadorned conclusion that an ATDS was used. FAC ¶¶ 12, 23. That is insufficient to state a cognizable claim as a matter of law. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Moreover, the lone text message Plaintiff identifies in the FAC is a personalized message to Plaintiff containing the name and personal contact information of a Quicken Loans team member. Numerous courts have held that messages of a personalized nature indicate that no ATDS was used. *Weisberg v. Stripe, Inc.*, No. 16-cv-00584-JST, 2016 WL 3971296, at *3-4 (N.D. Cal. July 25, 2016). The same conclusion applies here.

Plaintiff's artificial voice or prerecorded message allegations are also defective and insufficient to state a claim. Plaintiff pleads only that he may have received a call with a prerecorded or artificial voice message. FAC ¶ 17. He does not, however, plead the content of the message, when he received it, or any other factual basis from which this Court could conclude that any claim predicated upon an unidentified artificial voice or prerecorded message Plaintiff may have received at some unidentified time is somehow plausible.[1] Without such factual allegations, Plaintiff offers this Court and Quicken Loans nothing more than the precise type of conclusory and speculative allegations the Supreme Court has held to be insufficient to state a claim. *Twombly*, 550 U.S. at 557.

---

[1] Plaintiff's failure to plead factual allegations about calls to his purported cellphone using an artificial voice or prerecorded message is not surprising. Quicken Loans does not make such calls about potential mortgage loans to individuals like Plaintiff, so his speculation about such calls is false and unsupportable.

Third, Plaintiff's claim in Count Two for "knowing and/or willful violations" must be dismissed because it is derivative of and entirely dependent upon Plaintiff's defective claim in Count One.  Moreover, it is a claim for treble damages and injunctive relief, and there is no standalone claim for either form of relief for knowing or willful violation of the TCPA.  Finally, even if Count Two were cognizable (and it is not), Plaintiff pleads no factual allegations of any knowing or willful conduct to sustain it.

### **BACKGROUND**[2]

In the FAC, Winters vaguely pleads that over a 12-month period, he "received multiple solicitation calls and solicitation texts from [Quicken Loans]" to his cellphone number ending in -6678 using an ATDS *or* using a prerecorded message *or* using an artificial voice message (he never identifies precisely which one was used in connection with any call or text, or when it was used).  FAC ¶¶ 1, 9-12, 23, 28.  Plaintiff alleges that the phone calls came from two numbers belonging to Quicken Loans. FAC ¶ 13.  Beyond this, the FAC includes no details of the challenged calls other than vaguely alleging that (a) on at least one unidentified occasion in a 12-month period, Plaintiff answered the telephone and told Quicken Loans to stop calling, and (b) he never gave Quicken Loans his telephone number.  FAC ¶¶ 16-17.[3]  Winters does not plead the dates and times of any calls—including the dates that he requested that Quicken Loans "stop calling him." Winters further alleges, that on or before October 5, 2018, he received the first of multiple (but unidentified) text messages from Quicken Loans, but identifies only one such text

---

[2] Quicken Loans' recitation of the factual background assumes, as it must at this stage, the truth of Plaintiff's allegations solely for purposes of this Motion under Rule 12(b)(6). *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

[3] To the extent the Court allows this case to proceed to discovery (and it should not), Quicken Loans intends to prove that Winters' allegation that he never provided Quicken Loans with his telephone number or consented to receive calls and text messages is demonstrably false.  Quicken Loans' evidence will include, among other things, call recordings of Plaintiff consenting to Quicken Loans contacting him by phone *and* by text message.  Quicken Loans thus reserves all rights to pursue appropriate relief from this Court to the extent Plaintiff and his counsel predicated this action upon false allegations.

1  message.  FAC ¶ 22.  That lone, undated text message was personalized to Plaintiff and
2  provided the full name and contact information, including cellular telephone number, email
3  address, fax number, and NMLS identification number, for a specific Quicken Loans team
4  member.  FAC ¶ 22.  Beyond this, the FAC mentions nothing about any of the other text
5  messages Plaintiff purportedly received from Quicken Loans.[4]

6  Based on these allegations, Winters purports to assert two claims for violation of
7  the TCPA's cellphone provision: one for "negligent violations" (Count One) and one for
8  "knowing and/or willful violations" (Count Two).  FAC ¶¶ 46-53.

## ARGUMENT

### I. The Motion to Dismiss Standard.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must meet Rule 8(a)'s pleading requirements and allege "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  A "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555.  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).  Rather, the allegations "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).

---

[4] Winters filed the original complaint in this action on January 15, 2020.  Dkt. No. 1.  On January 31, before any response was due by Quicken Loans, Winters filed the FAC.  Dkt. No. 7.  The FAC differs from the original complaint in only one material respect, which is that the FAC cuts all allegations and mention of a proposed putative class consisting of individuals who received text messages from Quicken Loans.  *Compare* Complaint ¶ 32 *with* FAC ¶ 32.  Although Plaintiff continues to allege the receipt of unwanted text messages sent to him and is pursuing claims in his personal capacity based on those texts, he is no longer seeking to represent or certify a class of persons that received text messages from Quicken Loans.

Application of these well-established standards here demonstrates that Winters has failed to state a cognizable cellphone provision claim.

## II. **Plaintiff Fails To Plead Sufficient Facts to Support a Plausible TCPA Claim.**

The FAC's sparse and conclusory allegations fail to provide fair notice to Quicken Loans of the claims against it and the exposure it faces with respect to Plaintiff's individual claims. *Twombly*, 550 U.S. at 555. For example, Winters does not plead the content of each challenged text message or call to allow this Court to conclude that it is plausible that each came from Quicken Loans and each was made using an ATDS or artificial voice or prerecorded message as necessary to invoke the TCPA's cellphone provision. Nor does he plead when each of the challenged calls or text messages was received to allow this Court to conclude that it is plausible that there were multiple texts or calls, and to allow Quicken Loans to meaningfully investigate Plaintiff's claims. Plaintiff does not even plead how many text messages and calls he is challenging to allow this Court to conclude that is plausible that there were multiple texts or calls, and to allow Quicken Loans to investigate and understand its potential exposure. *See generally* FAC ¶¶ 18, 21. Without such basic information, Plaintiff's conclusory allegations fail to plausibly support his barebones conclusions that he received "multiple" text messages and calls to his cellphone from Quicken Loans in purported violation of the TCPA's cellphone provision. FAC ¶¶ 18, 21, 28.

The lone text message that Plaintiff describes in the FAC compels no different conclusion. Allegations about a single text message do not (and cannot) plead anything about other unidentified calls and texts—let alone plead that there were "multiple" calls and texts. Factual allegations about *each* alleged text message are "particularly necessary here because [Winters] seeks recovery for *each* violation of the TCPA." *Abbas v. Selling Source, LLC*, No. 09 CV 3413, 2009 WL 4884471, at *2 (N.D. Ill. Dec. 14, 2009) (emphasis added); *see also Gulden v. Consol. World Travel Inc.*, No. CV-16-01113-PHX-

DJH, 2017 WL 3841491, at *3 (D. Ariz. Feb. 15, 2017) (dismissing TCPA claim for failure to plead sufficient facts concerning the identity of the caller and the character of the call). Moreover, Plaintiff's allegation omits the sender and recipient information associated with the text message, and so provides no factual basis to connect the text message to Plaintiff's purported cellphone number. Absent such factual allegations, Quicken Loans is deprived of the "fair notice" of Plaintiff's claims required by Rule 8. *Abbas*, 2009 WL 4884471, at *2.

### III. Plaintiff Fails to Plead the ATDS/Artificial Voice or Prerecorded Message Element of His TCPA Claim.

As noted, an essential element of any cellphone provision claim is that (a) the challenged calls or texts were made using an "automated telephone dialing system" or, in the case of calls, (b) were made using an "artificial voice or prerecorded message." 47 U.S.C. § 227(b)(1). Here, Winters fails to plausibly allege that Quicken Loans used an ATDS to make *any* of the challenged calls or text messages, or that any of the challenged calls contained an artificial voice or prerecorded message. These omissions are fatal, and so Plaintiff's TCPA cellphone provision claim must be dismissed.

As to the ATDS element, the Ninth Circuit defines an ATDS as "equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically even if the system must be turned on or triggered by a person." *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1052 (9th Cir. 2018).[5] Thus, to state a cognizable cellphone provision claim predicated upon the use of an ATDS in this Circuit, a plaintiff must plead

---

[5] Quicken Loans maintains that *Marks* was wrongly decided. Indeed, *Marks* is in direct conflict with the ATDS decision of numerous other Circuit Courts. *See, e.g., Glasser v. Hilton Grand Vacations Co., LLC*, 948 F.3d 1301 (11th Cir. 2020); G*adelhak v. AT&T Servs., Inc.*, 950 F.3d 458 (7th Cir. 2020). Quicken Loans expressly reserves all rights to assert that *Marks* is wrongly decided and seek Supreme Court review of that decision, if necessary, and rely upon any subsequent authority from the Supreme Court or Ninth Circuit reversing or limiting *Marks*.

plausible factual allegations that the challenged calls were made with equipment capable of performing the statutorily defined functions. Winters has not done so here.

To survive the pleading stage, a "[p]laintiff must allege sufficient facts to allow the Court to 'reasonably infer' that Defendant used an ATDS." *Schick v. Compass Lending Corp.*, No. CV-19-01736-PHX-JJT, 2019 WL 6050256, at *2 (D. Ariz. Nov. 15, 2019). And courts have found that "well-pled allegations of an ATDS 'rely on indirect allegations, such as the content of the message, the context in which it was received, and the existence of similar messages to raise an inference that' an ATDS was used." *Gragg v. Orange Cab Co., Inc.*, 942 F. Supp. 2d 1111, 1114 (W.D. Wash. 2013). Here, Plaintiff merely states that Quicken Loans used an ATDS to place unidentified calls and send unidentified text messages to his cellphone. With the exception of a description of *one* text message, the FAC is devoid of any details about the purported multiple calls and text messages Winters received over an alleged 12-month period. There are no allegations (none) about the content of these calls and text messages, what was said on the calls or texts, the identity of the caller or sender of the text messages, or any detail at all that would allow the Court to infer that an ATDS was used. *Id.* Instead, Plaintiff has "provided nothing beyond a threadbare recitation of one of the elements of h[is] cause of action, that []he was called by a machine." *Forney v. Hair Club for Men Ltd., Inc.*, No. CV 16-9640-R, 2017 WL 4685549, at *2 (C.D. Cal. June 26, 2017) (dismissing TCPA claim where "only allegation made by Plaintiff supporting the use an [ATDS] is her single paragraph stating that she was called by an [ATDS]"). On this basis alone, Count 1 of the FAC should be dismissed.

Plaintiff's description of one text message he received compels no different conclusion. As to that text, he alleges that on or before October 5, 2018, he received a text message from Quicken Loans. The FAC does not, however, indicate the phone number from which the text message originated or the phone number at which it was received, and so fails to connect the message to Plaintiff's purported cellphone. FAC ¶ 22. Even setting

8

this issue aside, however, the message is personalized to Plaintiff, bearing the name and personal contact information (including personal cellular number[6] and work email address) for a particular Quicken Loans team member.  FAC ¶ 22.  The text message thus bears no indicia of a generic and impersonal mass marketing text sent using an ATDS.  *Cf. Holt v. Facebook, Inc.*, 240 F. Supp. 3d 1021, 1031 (N.D. Cal. 2017).  Instead, the FAC demonstrates a text message sent from an individual team member (employee) at Quicken Loans and directed specifically to Plaintiff.  FAC ¶ 22.  As such, the only plausible inference to be drawn from Plaintiff's own allegations about this text is that the individual Quicken Loans team member personally addressed and sent the text message to Winters in response to Winters' request.  Consistent with this, there is no indication at all (none) that the message was sent from a Quicken Loans telephone number, rather than the employee's personal cellphone.  Text messages sent under these circumstances "do not support a plausible inference that an ATDS was used."  *Hulsey v. Peddle, LLC*, No. CV 17-3843 DSF (ASx), 2017 WL 8180583, at *2 (C.D. Cal. Oct. 23, 2017); *Daniels v. ComUnity Lending, Inc.*, No. 13cv488–WQH–JMA, 2014 WL 51275, at * 5 (S.D. Cal. Jan. 6, 2014); *Weisberg*, 2016 WL 3971296, at *3-4 (granting dismissal where allegations suggested that text messages were "targeted to specific phone numbers in response to the voluntary release of a user's phone number"); *Armstrong v. Investor's Business Daily, Inc.*, No. CV 18-2134-MWF (JPRx), 2018 WL 6787049, at *6 (C.D. Cal. Dec. 21, 2018) (allegations that "the two-part text message Plaintiff received are 'generic and impersonal' and that Plaintiff had no pre-existing business relationship with the IBD Defendants *do not create an inference that an ATDS was in fact used*.") (emphasis added).

And, as to the artificial voice or prerecorded message element of Plaintiff's cellphone provision claim, Plaintiff's random and speculative utterances scattered

---

[6] The message reads "Call or *Text*" before providing the telephone number, indicating that the number can receive text messages and is thus for a cellular telephone.  FAC ¶ 22 (emphasis added).

9

throughout the FAC that the unidentified calls or texts *might* have been placed with "an artificial or prerecorded voice" are also insufficient to sate a claim. *E.g.,* FAC ¶¶ 17, 38. As with Plaintiff's defective ATDS allegations, there are no factual allegations in the FAC to plausibly plead that any call or text message was placed with an artificial voice or prerecorded message. FAC *in passim*. To the contrary, Plaintiff's allegation that he answered one call and told Quicken Loans to stop calling directly refutes that any artificial or prerecorded message was used to call him. FAC ¶ 17. In the absence of specific factual allegations concerning the challenged calls and text messages, the Court is unable to infer that an ATDS or artificial voice or prerecorded message was used.

In sum, the FAC's conclusory (and speculative) statements, unsupported by *any* factual allegations, do not plausibly plead the necessary ATDS or artificial voice/prerecorded message element of Plaintiff's cellphone provision claim. When faced with similarly deficient allegations, other federal courts have ordered dismissal of cellphone provision claims like Plaintiff's here. *See, e.g.*, *Bodie v. LYFT*, No. 16-cv-02558-L-NLS, 2019 WL 258050, at *2 (S.D. Cal. Jan. 16, 2019) (dismissing complaint alleging TCPA violations that "merely parrots statutory definition of an ATDS"); *Daniels v. ComUnity Lending, Inc.*, No. 13cv488–WQH–JMA, 2015 WL 541299, at * 7 (S.D. Cal. Feb. 9, 2015) (dismissing TCPA claim where plaintiffs alleged "that calls to Plaintiffs' cellular telephones included prerecorded voice calls," but the complaint "allege[d] no facts to make this allegation plausible"); *Trumper v. GE Capital Retail Bank*, 79 F. Supp. 3d 511, 513 (D.N.J. 2014) (dismissing TCPA claim where the complaint "sa[id] nothing about the calls [plaintiff] received," including "no factual allegations suggesting that the voice on the other end of the line was prerecorded"); *Johansen v. Vivant, Inc.*, No. 12 C 7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012) (dismissing claim where plaintiff failed to "describe the phone messages he received in laymen's terms or provide the circumstances surrounding them to establish his belief that the messages were prerecorded

ACTIVE/102199407.3

PH 354534.1

or delivered via the ATDS"). This Court should not hesitate to do the same here. Plaintiff's bald assertions that an ATDS, artificial voice or prerecorded message was used to make unidentified calls and texts are insufficient to move his TCPA cellphone provision claim across the line from possible to plausible. To conclude otherwise would "eviscerate the plausibility standard to which complaint's allegations must adhere under Rule 8." *Priester*, 2017 WL 4237008, at *2.

### IV. Plaintiff's Second Count is Not a Cause of Action and Should Be Dismissed.

In Count 2 of the FAC, Winters continues to purport to assert a derivative cause of action against Quicken Loans for "knowing and/or willful" violation of the TCPA's cellphone provision. FAC ¶¶ 50-53. That Count fails to state a claim for three independent reasons.

First, the claim is entirely derivative of and dependent upon Plaintiff's defective claim in Count 1, and so fails with it.

Second, Count 2 simply alleges a remedy and not a cause of action. The TCPA allows a plaintiff to bring an action for an alleged violation of the cellphone provision, and separately allows treble damages and injunctive relief as remedies for a knowing or willful violation. 47 U.S.C. § 227(b)(3). Consistent with this, courts routinely dismiss claims just like Plaintiff's here. *E.g., Michael W. Kincaid DDS, Inc. v. Synchrony Fin.*, No. 16-CV-790, 2017 WL 2599224, at *5 (S.D. Ohio June 15, 2017) (dismissing separate TCPA count for injunctive relief because "the applicable section [47 U.S.C. § 227(b)] does not provide for injunctive relief as a cause of action, but rather, allows a plaintiff to seek injunctive relief as a remedy for a violation of the TCPA."); *see also Vellon v. Maxim Healthcare Servs., Inc.*, No. CV 08-263-TUC-FRZ, 2008 WL 11338452, at *10 (D. Ariz. Aug. 29, 2008) ("punitive damages is not a cause of action, but a legal remedy"). This Court should not hesitate to do the same.

Finally, even assuming *arguendo* that Winters' "claim" for treble damages and

injunctive relief might be a separate cause of action, the claim should still be dismissed for the additional reason that he again pleads no plausible factual allegations of any knowing or willful violation of the cellphone provision by Quicken Loans in connection with any of the challenged calls. Without such factual allegations, there is no basis to permit Count 2 to proceed.

## CONCLUSION

For the forgoing reasons, Quicken Loans respectfully requests that this Court grant the Motion and dismiss the FAC for failure to state a claim upon which relief can be granted.

Dated: March 16, 2020

Respectfully submitted,

By: *s/ David E. Funkhouser III*
David E. Funkhouser III
Jessica A. Gale
**SPENCER FANE LLP**
2415 E Camelback Rd., Ste. 600
Phoenix, AZ 85016-4251
Tel: 602-333-5430
Fax: 602-333-5431
dfunkhouser@spencerfane.com
jgale@spencerfane.com

Brooks R. Brown (admitted pro hac vice)
*bbrown@goodwinlaw.com*
W. Kyle Tayman (admitted pro hac vice)
*ktayman@goodwinlaw.com*
**GOODWIN PROCTER LLP**
1900 N Street NW
Washington, DC  20036
Tel.:  202-346-4000
Fax.:  202-346-4444

Attorneys for
Quicken Loans Inc.

ACTIVE/102199407.3

PH 354534.1

**CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2020, the attached document was electronically transmitted to the Clerk of the Court using the CM/ECF System which will send notification of such filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

*s/ David E. Funkhouser III*
David E. Funkhouser III

**CERTIFICATE OF CONFERRAL**

Pursuant to L.R. Civ. 12.1(c), undersigned counsel personally certifies that counsel for Defendant notified Plaintiff of this motion and the issues asserted herein by email on March 13, 2020 and by telephone conference on March 16, 2020, and the parties have been unable to agree that the pleading is curable by amendment.

*s/ David E. Funkhouser III*
David E. Funkhouser III
