**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Winters, Jr., | No. CV-20-00112-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Quicken Loans Incorporated, | |
| Defendant. | |

Before the Court is Defendant Quicken Loans, LLC's[1] Motion to Dismiss (Doc. 12). Defendant moves to dismiss Plaintiff Richard Winters, Jr.'s two claims for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b). The motion is granted with leave to amend. Defendant has also filed a Motion to Stay (Doc. 13). That motion is denied, as moot, without prejudice.

**I.    BACKGROUND**

Plaintiff has filed a putative class action complaint under the TCPA. He alleges that, beginning on or around October 2018, Defendant contacted him via telephone calls and text messages "in an effort to sell or solicit its services." (*Id.* ¶ 9.) Plaintiff further states that Defendant used an "automatic telephone dialing system" to place its calls and texts. (*Id.* ¶¶ 12, 23 (citing 47 U.S.C. § 227(a)(1).) Plaintiff identifies one specific text message,

---

[1] The motion was initially filed by "Quicken Loans, Inc." Defendant subsequently notified the Court that, effective April 15, 2020, it had changed its name to "Quicken Loans, LLC." (Doc. 23.)

allegedly from Defendant, that he received on or before October 5, 2018. It stated:

> Jeremy Streicher-Martinez Mortgage Banker Call or Text
> (480) 305-9634 Email: JeremyStreicher-Martinez@quickenloans.com   Fax: (844) 429-7701
> NMLS: 1052442

(*Id.* ¶ 22.)

Plaintiff brings suit individually and on behalf of members of two proposed classes. The classes are comprised of persons who have received "solicitation/telemarketing telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice" within the last four years, and had either (1) not previously consented or (2) revoked prior consent to receive such calls.[2] (*Id.* ¶ 31, 32.) Plaintiff estimates that the class members are "in the thousands, if not more." (*Id.* ¶ 35.)

Plaintiff filed the original Complaint on January 15, 2020. (Doc. 1.) He then filed the First Amended Complaint on January 31, 2020. (Doc. 7.) It alleges claims of negligent and knowing or willful violations of the TCPA. Defendant filed a Motion to Dismiss on March 16, 2020. (Doc. 12.) That motion is now fully briefed. The next day, Defendant filed a Motion to Stay, which is also fully briefed.[3] (Doc. 13.)

## II.   MOTION TO DISMISS

### A.   Legal Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 545, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v.*

---

[2] Both putative classes reference recipients of telephone calls, as opposed to text messages. (Doc. 7 ¶¶ 30, 31).

[3] The parties have also filed notices of supplemental authority in support of the Motion to Stay. (Docs. 22, 25, 26, 27.)

*Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle it to relief." *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir. 2000).

The Court must accept material allegations in a complaint as true and construe them in the light most favorable to Plaintiff. *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). "Indeed, factual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6)." *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Review of a Rule 12(b)(6) motion is "limited to the content of the complaint." *North Star Int'l*, 720 F.2d at 581.

**B.     Analysis**

To properly plead a TCPA claim for calls made to a cellular phone, a plaintiff must plead the following three elements: "(1) the defendant called a cellular telephone number; (2) using an [ATDS or an artificial or prerecorded voice]; (3) without the recipient's prior express consent." *Meyer v. Portfolio Recovery Assocs.*, LLC, 707 F.3d 1036, 1043 (9th Cir. 2012) (citing 47 U.S.C. § 227(b)(1)). The term "call" includes text messages for purposes of the TCPA. *Satterfield v. Simon & Schuster, Inc*., 569 F.3d 946, 952 (9th Cir. 2009). The TCPA authorizes a private right of action "to recover for actual monetary loss from [ ] a violation, or to receive $500 in damages for each [ ] violation, whichever is greater." 47 U.S.C. § 227(b)(3). In the case of knowing or willful violations, a court has discretion to award up to treble damages for each violation. *Id*. § 227(b)(1).

Defendant argues that Plaintiff has failed to adequately provide notice to Defendant of the claims against it; that Plaintiff has failed to allege that Defendant placed calls with an automatic telephone dialing system or an artificial or prerecorded voice; and that Plaintiff's claim for knowing or willful violations of the TCPA fails for independent reasons. The Court will address these arguments in turn.

**1.     Adequate Notice**

Defendant first moves to dismiss Plaintiff's claims because the First Amended

Complaint's "sparse and conclusory allegations fail to provide fair notice to Quicken Loans of the claims against it and the exposure it faces with respect to Plaintiff's individual claims." (Doc. 12 at 6.) Specifically, with respect to the calls, Defendant argues that Plaintiff has not sufficiently pleaded that it is plausible that "each came from Quicken Loans," nor has he alleged when or how many calls were received. (*Id.*) As noted, the First Amended Complaint states that beginning in or around October of 2018, Defendant placed "multiple" calls to Plaintiff's cell phone number, ending in -6678. The calls came from (480) 337-7104 and (480) 305-9634, "confirmed to be Defendant's telephone numbers." (Doc. 7 ¶¶ 9, 10, 13, 18.) The Court is mindful of Defendant's position that, given Plaintiff's sparse allegations, it may "be hard pressed to search its records and identify pertinent phone calls." *Mendez v. Optio Sols., LLC*, 219 F. Supp. 3d 1012, 1015 (S.D. Cal. 2016).

The Court ultimately "does not believe, however, that either the TCPA or Rule 8(a)(2) require the level of detail [Defendant] demands." *Id*. This is because "detailed factual allegations are not required" at the pleading stage, and a complaint need only contain sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). Indeed, multiple district courts have denied motions to dismiss raising this exact argument. In *Robinson v. Midland Funding, LLC*, No. 10CV2261 MMA AJB, 2011 WL 1434919, at *3 (S.D. Cal. Apr. 13, 2011), the defendant moved to dismiss a TCPA claim because the complaint failed to plead facts "as to how many calls were made, when they were made, or what was stated on the call." *Id*. at *3. The court rejected this argument, noting that although the allegations "seem vague," neither the TCPA nor Rule 8 of the Federal Rules of Civil Procedure required the plaintiff to "plead his claim with particularity." *Id*. *See also Sepehry-Fard v. Department Stores National Bank*, No. 13-CV-03131-WHO, 2013 WL 6574774, at *3 (N.D. Cal. Dec. 13, 2013), aff'd in part, 670 F. App'x 573 (9th Cir. 2016) (allegations that "identified the general time frame for the calls (from early 2010 to late 2012); identified the phone numbers the calls were placed to (his home and cellular

numbers); and identified the purpose of the prerecorded calls (to harass plaintiff to collect a debt)" were sufficient). Similarly, here, although the First Amended Complaint is not the picture of clarity, the Court will not dismiss Plaintiff's claims for this reason.

Defendant also argues that Plaintiff did not allege either "the sender and recipient information associated with the text message." (Doc. 12 at 7.) The First Amended Complaint states that "Defendant contacted Plaintiff, via calls and text messages, on his cellular telephone ending in -6678." (Doc. 7 ¶ 9.) It also states that Defendant contacted Plaintiff from telephone numbers (480) 337-7104 and (480) 305-9634. (*Id.* ¶ 13.) Although these allegations are not clearly connected to the text message, the Court concludes that, taking them in the light most favorable to Plaintiff, they are sufficient to provide notice at the pleading stage. The Court will not dismiss Plaintiff's claim based on a lack of notice.

## 2. ATDS and Artificial or Prerecorded Voice

It is unlawful to use any "automatic telephone dialing system ["ATDS"] or an artificial or prerecorded voice" under the cellphone provision of the TCPA. 47 U.S.C. § 227(b)(1)(A). Defendant argues that Plaintiff has failed to plausibly allege that it used an automatic telephone dialing system or that any of the calls at issue contained an artificial or prerecorded voice. The Court agrees on both points.

Under Ninth Circuit law, "the term automatic telephone dialing system means equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers." *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1052 (9th Cir. 2018), cert. dismissed, 139 S. Ct. 1289 (2019).[4] To survive a motion to dismiss, a "[p]laintiff must allege sufficient facts to allow the Court to 'reasonably infer' that Defendant used an ATDS." *Schick v. Compass Lending Corp.*, No. CV-19-01736-PHX-JJT, 2019 WL

---

[4] In light of a circuit split, the Supreme Court has recently granted a petition for certiorari to address "[w]hether the definition of ATDS in the TCPA encompasses any device that can 'store' and 'automatically dial' telephone numbers, even if the device does not 'us[e] a random or sequential number generator.'" *See Facebook, Inc. v. Duguid*, No. 19-511, 2020 WL 3865252, at *1 (U.S. July 9, 2020).

6050256, at *2 (D. Ariz. Nov. 15, 2019) (citation omitted). Here, the First Amended Complaint states that Defendant "used an 'automatic telephone dialing system' as defined by 47 U.S.C. § 227(a)(1) to place its call to Plaintiff seeking to solicit its services" and that its text messages to Plaintiff were "placed via an 'automatic telephone dialing system,' ('ATDS') as defined by 47 U.S.C. 227(a)(1) as prohibited by 47 U.S.C. § 227(b)(1)(A)." (Doc. 7 ¶¶ 12, 23.)

As numerous courts have recognized, this conclusory statement is insufficient to state a claim under the TCPA. *See, e.g., Forney v. Hair Club for Men Ltd., Inc.*, No. CV 16-9640-R, 2017 WL 4685549, at *2 (C.D. Cal. June 26, 2017) ("Here, the only allegation made by Plaintiff supporting the use of an automated telephone dialing system is her single paragraph stating that she was called by an automated telephone dialing system in violation of the TCPA. . . . Plaintiff provided nothing beyond a threadbare recitation of one of the elements of her cause of action, that she was called by a machine, which this Court is not obligated to accept as truth."); *Priester v. eDegreeAdvisor, LLC*, No. 5:15-CV-04218-EJD, 2017 WL 4237008, at *2 (N.D. Cal. Sept. 25, 2017) ("[T]he court rejects any contention that a TCPA plaintiff's pleading obligation is satisfied by generically alleging the use of an ATDS by a defendant, in a manner that simply parrots the statutory language.").

The Court is mindful of Plaintiff's concern that "it is impossible to know if a company is using an ATDS without obtaining discovery on the issue first." (Doc. 14 at 7.) Indeed, "courts within the Ninth Circuit have acknowledged the difficulty a plaintiff faces in knowing the type of calling system used without the benefit of discovery." *McCullough v. Maximum Title Loans LLC*, No. CV-19-00717-PHX-JJT, 2019 WL 3933754, at *2 (D. Ariz. Aug. 20, 2019). Accordingly, at the motion to dismiss stage, courts can "infer the use of an ATDS from the details of the call." *Id*. For example, "[s]uccessful TCPA complaints allege that the messages they received were scripted or impersonal, from an obviously automated number, formatted in code, or similarly factual details." *Forney*, 2017 WL 4685549, at *2. Further, courts have found that "general allegations [of use of an ATDS] are sufficiently bolstered by specific descriptions of the 'telltale' pause after plaintiff

picked up each call until the agent began speaking and that such allegations make it plausible that an ATDS was used." *McCullough*, 2019 WL 3933754, at *3 (citation omitted).

The First Amended Complaint contains no such allegations. Plaintiff's response brief does identify "supplemental facts in his possession," including that at least some of the calls contained a "click and/or beep before a live person came onto the phone." (Doc. 14 at 8-9.) As Plaintiff's response appears to recognize, the Court will not consider these "supplemental" allegations at the motion to dismiss stage. *See North Star Int'l*, 720 F.2d at 581. Here, the First Amended Complaint's "sparse factual allegations are insufficient to plausibly suggest, even indirectly, that Defendant used an ATDS when it called him." *Priester*, 2017 WL 4237008, at *3.

Plaintiff has also not adequately alleged that the calls used an artificial or prerecorded voice. 47 U.S.C. § 227(b)(1)(A). The First Amended Complaint states twice that Defendant placed calls "using an automatic telephone dialing system or an artificial or prerecorded voice." (Doc. 7 ¶¶ 17, 38.) This is not sufficient. *See Daniels v. ComUnity Lending, Inc.*, No. 13CV488-WQH, 2015 WL 541299, at *7 (S.D. Cal. Feb. 9, 2015) (dismissing TCPA claim where the complaint allegations "included prerecorded voice calls" but "alleges no facts to make this allegation plausible"); *Forney*, 2017 WL 4685549, at *2 ("This allegation does not describe the voice on the other line, whether it was a human voice, if the message was impersonal, what the message said, or whether anyone responded when she spoke."). The Court also agrees with Defendant that Plaintiff's allegation that he "answered the telephone and told Defendant to stop calling him" does not support an inference that Plaintiff was speaking with an artificial or prerecorded voice.[5] (*Id.* ¶ 17; Doc. 12 at 10.)

The Court will accordingly dismiss Counts 1 and 2. If a defective complaint can be

---

[5] As above, Plaintiff provided "supplemental" information on this point as well, including that "there was a pre-recorded voice on the line when Plaintiff answered the call," and that he then pressed a number to be transferred to a live representative. (Doc. 14 at 8.) The Court will not consider this in connection with the Motion to Dismiss.

- 7 -

cured, a plaintiff is entitled to amend the complaint before it is dismissed with prejudice. *See Lopez v. Smith*, 203 F.3d 1122, 1127–30 (9th Cir. 2000). Because it is possible that Plaintiff could allege facts showing that Defendant used an automatic telephone dialing system or that the calls contained an artificial or prerecorded voice, Plaintiff will have the opportunity to amend his Complaint.

### 3. Knowing or Willful Violations

Defendant also argues that Count 2 of the Amended Complaint, for "knowing and/or willful" violations of the TCPA, should be dismissed. (Doc. 12 at 11.) The Court agrees that Count 2 necessarily fails for the reasons discussed above. Because Plaintiff will be provided leave to amend, the Court will also address Defendant's other arguments.

Defendant argues that Count 2 should be dismissed for the independent reason that it "simply alleges a remedy and not a cause of action." (*Id*.) The TCPA provides that a court has the discretion to award up to treble damages for knowing or willful violations. 47 U.S.C. § 227(b)(3). Defendant argues that courts "routinely" dismiss claims for willful or knowing TCPA violations, but cites only one case from the Southern District of Ohio to this effect.[6] Defendant also cites one case from the District of Arizona stating, outside of the TCPA context, that "punitive damages is a legal remedy and not a cause of action." *Vellon v. Maxim Healthcare Servs., Inc*., No. CV 08-263-TUC-FRZ, 2008 WL 11338452, at *10 (D. Ariz. Aug. 29, 2008). Nonetheless, the court in that case found it unnecessary to dismiss the punitive damages claim because the plaintiff listed punitive damages in its prayer for relief, such that it was "clear to the Court and both parties that Plaintiff is only requesting punitive damages as a remedy." *Id*. The same appears to be true here. (Doc. 7 at 10-11.) Further, courts in the Ninth Circuit have declined to dismiss separate causes of action for knowing or willful violations of the TCPA. *See, e.g., Keifer v. HOSOPO Corp.*, No. 318CV1353CABKSC, 2018 WL 5295011, at *5 (S.D. Cal. Oct. 25, 2018) (denying

---

[6] *Michael W. Kincaid DDS, Inc. v. Synchrony Fin.*, No. 2:16-CV-790, 2017 WL 2599224, at *1 (S.D. Ohio June 15, 2017) ("Even though the TCPA specifically mentions injunctive relief, the applicable section does not provide for injunctive relief as a cause of action, but rather, allows a plaintiff to seek injunctive relief as a remedy for a violation of the TCPA.").

dismissal of a knowing/willful TCPA claim because "the Court finds the knowing and willful violations of the TCPA have been sufficiently pled"). Dismissal of Count 2 is therefore not appropriate on these grounds.

Finally, Defendant argues that the claim should be dismissed because Plaintiff "pleads no plausible factual allegations of any knowing or willful violation." (Doc. 12 at 12.) Plaintiff alleges that "on at least one occasion," he "answered the telephone and told Defendant to stop calling him." (Doc. 7 ¶ 17.) The First Amended Complaint also alleges that Defendant's conduct constituted "numerous and multiple knowing and/or willful violations of the TCPA." (*Id.*) The Court takes these allegations as true for the purposes of the present motion. Courts have found similar allegations to be sufficient to withstand a motion to dismiss. *See e.g., Pacleb v. Cops Monitoring*, No. 2:14-CV-01366-CAS (JCx), 2014 WL 3101426, at * 4 (C.D. Cal. July 7, 2014) (finding an allegation that "defendant's conduct constituted multiple knowing and/or willful violations of the TCPA" sufficient to withstand a motion to dismiss).

This is also not a proper basis for dismissing Count 2. Nonetheless, in light of Plaintiff's failure to adequately allege the use of an automatic telephone dialing system or artificial or prerecorded voice, as described above, this claim will be dismissed.

### III. MOTION TO STAY

Defendant has also filed a Motion to Stay (Doc. 13), arguing three separate grounds for staying the case.[7] In light of the Court's ruling on the Motion to Dismiss, the Motion to Stay is denied as moot. The denial is without prejudice to either party seeking a stay at a later point.

### IV. CONCLUSION

Accordingly,

---

[7] One of those grounds—the Supreme Court's pending ruling in *Barr v. American Ass'n of Political Consultants, Inc.*, No. 19-631—is now moot. *See Barr v. Am. Ass'n of Political Consultants*, Inc, 140 S. Ct. 2335 (2020). Defendant also moved for a stay in light of the then-pending petition for certiorari in *Facebook, Inc. v. Duguid.* The Supreme Court granted certiorari on July 9, 2020. *See Facebook, Inc. v. Duguid*, No. 19-511, 2020 WL 3865252, at *1 (U.S. July 9, 2020).

**IT IS ORDERED** that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 12) is granted.

**IT IS FURTHER ORDERED** allowing Plaintiff 14 days from the issuance of this Order to file a Second Amended Complaint that conforms with the requirements set forth in this Order.

**IT IS FURTHER ORDERED** that Defendant's Motion to Stay (Doc. 13) is denied, as moot, without prejudice.

**IT IS FINALLY ORDERED** denying oral argument on the present motions.[8]

Dated this 4th day of September, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge

---

[8] Both parties have submitted legal memoranda and oral argument would not have aided the Court's decisional process. *See Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *see also* LRCiv 7.2(f); Fed. R. Civ. P. 78(b).