David J. McGlothlin, Esq. (SBN 026059)
david@kazlg.com
Ryan L. McBride, Esq. (SBN 032001)
ryan@kazlg.com
**Kazerouni Law Group, APC**
2633 E. Indian School Road, Ste 460
Phoenix, AZ  85016
Phone: 800-400-6808
Fax: 800-520-5523

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA, PHOENIX DIVISION

| | |
|---|---|
| Richard Winters, Jr., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Quicken Loans Inc.,<br><br>Defendant. | Case No. 2:20-cv-00112-MTL<br><br>**CLASS ACTION**<br><br>**SECOND AMENDED COMPLAINT FOR VIOLATIONS OF:**<br><br>1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]<br>2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff RICHARD WINTERS, JR. ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of QUICKEN LOANS INC

("Defendant or QL"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq*. ("TCPA") thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2. Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of Arizona, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a business incorporated in the State of Michigan. Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3. Jurisdiction is also proper because there exists a federal question based on the fact Plaintiff's claims arise from the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq*. ("TCPA"), a federal statute.

4. Venue is proper in the United States District Court for the District of Arizona pursuant to *28 U.S.C. § 1391(b)(2)* because Defendant does business within the State of Arizona and Plaintiff resides within the County of Maricopa.

## PARTIES

5. Plaintiff is a natural person residing in Mesa, Arizona and is a "person" as defined by *47 U.S.C. § 153 (39)*.

6. Defendant is a mortgage lending company, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

7. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendant."

8. Plaintiff is informed and believes that at all relevant times, each and

every Defendant was acting as an agent and/or employee of each of the other Defendant and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendant. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendant.

## FACTUAL ALLEGATIONS

9. Beginning in or around October of 2018, Defendant contacted Plaintiff, via calls and text messages, on his cellular telephone ending in -6678, in an effort to sell or solicit its services.

10. On or about October 4, 2018, Plaintiff received a telephone call from Defendant on his cellular telephone number ending in -6678. Concurrently, Plaintiff received text messages from Defendant on his cellular telephone number ending in -6678.

11. On this initial call to Plaintiff on October 4, 2018, there was a pre-recorded voice on the line when Plaintiff answered the call. Plaintiff pressed a number to be transferred to a live representative and Plaintiff was transferred to a live person. The live representative identified themselves as "Quicken Loans". Defendant's representative then attempted to solicit Plaintiff for a home loan. Plaintiff told Defendant to stop calling Plaintiff on this first October 4, 2018 phone call.

12. In subsequent calls made to Plaintiff, there was either a pre-recorded voice on the line when Plaintiff answered or there was a click and/or beep before a live person came onto the phone.

13. Based on its use of pre-recorded voice messages and Plaintiff hearing clicks and beeps before a live representative came on the phone, and Plaintiff having to press a button to speak with a live representative, Plaintiff is informed and believes Defendant used an "automatic telephone dialing system"

as defined by *47 U.S.C. § 227(a)(1)* to place its call to Plaintiff seeking to solicit its services.

14. Plaintiff has been informed and believes Defendant used an automatic telephone dialing system with predictive capabilities.

15. Plaintiff has been informed and believes Defendant's agents make calls from computers that have the ability to autodial without human intervention.

16. Plaintiff has been informed and believes Defendant's agents sent text messages to Plaintiff through the computer system used to call Plaintiff.

17. Defendant contacted or attempted to contact Plaintiff from telephone number (480) 337-7104, and (480) 305-9634, confirmed to be Defendant's telephone numbers.

18. Defendant called Plaintiff at the following non-exhaustive list of times and dates: October 4, 2018; October 5, 2018 at 2:37pm; October 8, 2018 at 2:11pm; October 9, 2018 at 1:16pm; October 10, 2018 at 11:20am; October 12, 2018 at 9:29am; October 15, 2018 at 10:01am; October 16, 2018 at 2:09pm (Plaintiff told Defendant to stop calling on this phone call again); October 18, 2018 at 10:38am; October 18, 2018 at 12:47pm.

19. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

20. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

21. Plaintiff was never a customer of Defendant and never provided his cellular telephone number to Defendant for any reason whatsoever.

22. In addition, on at least one occasion, Plaintiff answered the telephone and told Defendant to stop calling him. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone

SECOND AMENDED CLASS ACTION COMPLAINT

pursuant to *47 U.S.C. § 227(b)(1)(A)*.

23. Defendant placed multiple calls soliciting its business to Plaintiff on his cellular telephone ending in -6678 between on or around October of 2018.

24. Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendant's services.

25. Plaintiff alleges upon information and belief, including without limitation his experiences as recounted herein, especially his experience of being called after expressly requesting that Defendant cease all calls to him, that Defendant lacks reasonable policies and procedures to avoid the violations of the Telephone Consumer Protection act herein described.

26. Concurrent with the telephone calls, Defendant began to use Plaintiff's cellular telephone for the purpose of sending Plaintiff spam advertisements and/or promotional offers, via text messages, including a text message sent to and received by Plaintiff on or about October 4, 2018.

27. On or before October 5, 2018, Plaintiff started receiving text messages from Defendant. The first text read:

> Jeremy Streicher-Martinez Mortgage Banker Call or Text
> (480) 305-9634 Email: JeremyStreicher-Martinez@quickenloans.com Fax: (844) 429-7701
> NMLS: 1052442

28. These text messages placed to Plaintiff's cellular telephone were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A).

29. The telephone number that Defendant, or their agent texted was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming texts pursuant to 47 U.S.C. § 227 (b)(1).

---

SECOND AMENDED CLASS ACTION COMPLAINT

30. These text messages constituted texts that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

31. Plaintiff was never a customer of Defendant and never provided his cellular telephone number Defendant for any reason whatsoever. Accordingly, Defendant and their agents never received Plaintiffs prior express consent to receive unsolicited text messages, pursuant to 47 U.S.C. § 227 (b)(1)(A).

32. These text messages by Defendant, or its agents, violated 47 U.S.C. § 227(b)(1).

33. Plaintiff received multiple solicitation calls and solicitation texts from Defendant within a 12-month period.

## CLASS ALLEGATIONS

34. Plaintiff brings this action individually and on behalf of all others similarly situated, as a member the three proposed classes (hereafter, jointly, "The Classes").

35. The class concerning the ATDS Call claim for no prior express telephone call consent (hereafter "The ATDS Call Class") is defined as follows:

> All persons within the United States who received any solicitation/telemarketing telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

36. The class concerning the ATDS Call claim for revocation of telephone call consent, to the extent prior consent existed (hereafter "The ATDS Call Revocation Class") is defined as follows:

> All persons within the United States who received any

solicitation/telemarketing telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had revoked any prior express consent to receive such calls prior to the calls within the four years prior to the filing of this Complaint.

37. Plaintiff represents, and is a member of, The ATDS Call Class, consisting of all persons within the United States who received any solicitation telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

38. Plaintiff represents, and is a member of, The ATDS Call Revocation Class, consisting of all persons within the United States who received any solicitation/telemarketing telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had revoked any prior express consent to receive such calls prior to the calls within the four years prior to the filing of this Complaint.

39. Defendant, its employees and agents are excluded from The Classes. Plaintiff does not know the number of members in The Classes, but believes the Classes members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

40. The Classes are so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Classes includes thousands of members. Plaintiff alleges that

The Class members may be ascertained by the records maintained by Defendant.

41.  Plaintiff and members of The ATDS Call Class, The ATDS Call Revocation Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and ATDS Call Class and ATDS Call Revocation Class members via their cellular telephones thereby causing Plaintiff and ATDS Call Class and ATDS Call Revocation Class members to incur certain charges or reduced telephone time for which Plaintiff and ATDS Call Class and ATDS Call Revocation Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and ATDS Call Class and ATDS Call Revocation Class members.

42.  Common questions of fact and law exist as to all members of The ATDS Call Class which predominate over any questions affecting only individual members of The ATDS Call Class. These common legal and factual questions, which do not vary between ATDS Call Class members, and which may be determined without reference to the individual circumstances of any ATDS Call Class members, include, but are not limited to, the following:

   a. Whether, within the four years prior to the filing of this Complaint, Defendant made any telemarketing/solicitation call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a ATDS Call Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

   b. Whether Plaintiff and the ATDS Call Class members were damaged thereby, and the extent of damages for such violation; and

   c. Whether Defendant should be enjoined from engaging in such

conduct in the future.

43. As a person that received numerous telemarketing/solicitation calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The ATDS Call Class.

44. Common questions of fact and law exist as to all members of The ATDS Call Revocation Class which predominate over any questions affecting only individual members of The ATDS Call Revocation Class. These common legal and factual questions, which do not vary between ATDS Call Revocation Class members, and which may be determined without reference to the individual circumstances of any ATDS Call Revocation Class members, include, but are not limited to, the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendant made any telemarketing/solicitation call (other than a call made for emergency purposes or made with the prior express consent of the called party) to an ATDS Call Revocation Class member, who had revoked any prior express consent to be called using an ATDS, using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

    b. Whether Plaintiff and the ATDS Call Revocation Class members were damaged thereby, and the extent of damages for such violation; and

    c. Whether Defendant should be enjoined from engaging in such conduct in the future.

45. As a person that received numerous telemarketing/solicitation calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, after Plaintiff had revoked any prior express consent, Plaintiff

is asserting claims that are typical of The ATDS Call Revocation Class.

46.

47. Plaintiff will fairly and adequately protect the interests of the members of The Classes. Plaintiff has retained attorneys experienced in the prosecution of class actions.

48. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Classes members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

49. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

50. Defendant has acted or refused to act in respects generally applicable to The Classes, thereby making appropriate final and injunctive relief with regard to the members of the Classes as a whole.

///
///
///
///

# FIRST CAUSE OF ACTION

## Negligent Violations of the Telephone Consumer Protection Act

## 47 U.S.C. §227(b).

## On Behalf of the ATDS Class

51. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth in the paragraphs above.

52. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)*.

53. As a result of Defendant's negligent violations of *47 U.S.C. § 227(b)*, Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

54. Plaintiff and the ATDS Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

# SECOND CAUSE OF ACTION

## Knowing and/or Willful Violations of the Telephone Consumer Protection Act

## 47 U.S.C. §227(b)

## On Behalf of the ATDS Class

55. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth in the paragraphs above.

56. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)*.

57. As a result of Defendant's knowing and/or willful violations of *47

*U.S.C. § 227(b)*, Plaintiff and the ATDS Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

58. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

## FIRST CAUSE OF ACTION

## Negligent Violations of the Telephone Consumer Protection Act

## 47 U.S.C. §227(b)

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the ATDS Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*.
- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

## Knowing and/or Willful Violations of the Telephone Consumer Protection Act

## 47 U.S.C. §227(b)

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the ATDS Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.
- Any and all other relief that the Court deems just and proper.

///
///
///

**JURY DEMAND**

59. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully Submitted this 18th Day of September, 2020.

**Kazerouni Law Group, APC**

By: /s/ Ryan L. McBride
    Ryan L. McBride, Esq.

*Counsel for Plaintiff and the Proposed Class*

SECOND AMENDED CLASS ACTION COMPLAINT

13