**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Winters, Jr., | No. CV-20-00112-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Quicken Loans Incorporated, | |
| Defendant. | |

Before the Court are two motions from Defendant Quicken Loans, LLC,[1] seeking dismissal or stay on the following grounds: failure to state a claim, the first-to-file rule, and pending litigation in *Facebook, Inc. v. Duguid*, No. 19-511 (U.S. argued Dec. 8, 2020). (Docs. 32–33.) For the reasons expressed herein, the Court will dismiss the Second Amended Complaint ("SAC") (Doc. 30) without prejudice pursuant to the first-to-file rule.

**I.     BACKGROUND**

Two lawsuits are relevant to this Order. On November 12, 2019, Christian Lopez filed a class action complaint in the Eastern District of Michigan (the "Michigan case"), alleging Quicken Loans negligently and knowingly violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b). Class Action Complaint, *Lopez v. Quicken Loans Inc.*, No. 2:19-CV-13340 (E.D. Mich. Nov. 12, 2019), ECF No. 1. Stephen Lawlor subsequently joined the Michigan case as a plaintiff. First Amended Class Action Complaint, *Lopez*, No. 2:19-CV-13340, ECF No. 11. The Michigan plaintiffs seek to

---

[1] Quicken Loans notified the Court that, effective April 15, 2020, it had changed its name from "Quicken Loans Inc." to "Quicken Loans, LLC." (Doc. 23.)

represent the following class:

> All persons within the United States to whom: (a) Defendant and/or a third party acting on its behalf made one or more non-emergency telephone calls; (b) to their cellular telephone number; (c) using the telephone system(s) used in calling Plaintiff's cellular telephone number; and (d) at any time in the period that begins four years before the date of the filing of this Complaint to trial.

*Id.* ¶ 82. The plaintiffs request injunctive relief and statutory damages of $500 to $1500 for each alleged violation. *Id.* at 18.

On January 15, 2020, Plaintiff Richard Winters, Jr., initiated the instant action. (Doc. 1.) In the SAC, Mr. Winters alleges Quicken Loans "negligently, knowingly, and/or willfully contact[ed] [him] on [his] cellular telephone in violation of the [TCPA]." (Doc. 30 ("SAC") ¶ 1.) Mr. Winters seeks to represent the following two classes:

> All persons within the United States who received any solicitation/telemarketing telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint[; and]
>
> . . . .
>
> All persons within the United States who received any solicitation/telemarketing telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had revoked any prior express consent to receive such calls prior to the calls within the four years prior to the filing of this Complaint.

(*Id.* ¶¶ 35–36.) Mr. Winters requests statutory damages of $500 to $1500 for each alleged violation. (*Id.* at 12.) Quicken Loans has moved to dismiss or stay this case. (Docs. 32–33.) Mr. Winters opposes both requests. (Docs. 36–37.) The Court will begin its analysis with the first-to-file rule.

## II. FIRST-TO-FILE RULE

"There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982). This doctrine, commonly referred to as the first-to-file rule, "serve[s] the purpose of promoting efficiency" and "should not be disregarded lightly." *Kohn L. Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015). In determining whether the first-to-file rule applies, the Court considers three threshold factors: (1) "chronology of the lawsuits;" (2) "similarity of the issues;" and (3) "similarity of the parties." *Id.* at 1240. If the rule is applicable, the Court has discretion to transfer, stay, or dismiss the later-filed lawsuit. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991). Quicken Loans argues the first-to-file rule applies because this suit is "duplicative of and overlapping with the earlier-filed [Michigan case]." (Doc. 33 at 2.) The Court will first address the threshold factors.

### A. Threshold Factors

In this case, the chronology factor is clearly met. Mr. Winters filed the present action after Mr. Lopez initiated the Michigan case. *See Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994) ("In determining when a party filed an action for purposes of the first to file rule, courts focus on the date upon which the party filed its original, rather than its amended complaint."). Thus, this Court must determine whether, as the court with the later-filed lawsuit, it should defer to the Eastern District of Michigan.

The second factor, similarity of issues, is also satisfied. The issues "need not be identical, only substantially similar." *Kohn L. Grp., Inc.*, 787 F.3d at 1240. Like Mr. Winters, the Michigan plaintiffs allege that Quicken Loans negligently and knowingly or willfully violated the TCPA by making autodialed telemarketing calls and sending automated text messages to the plaintiffs' cellular telephones. First Amended Class Action Complaint, *Lopez*, No. 2:19-CV-13340, ECF No. 11. The Michigan plaintiffs also seek statutory damages of $500 to $1500 for each alleged violation. *Id.* Accordingly, there is at

least "substantial overlap" between the issues in the Michigan case and the present action. *See Kohn L. Grp., Inc.*, 787 F.3d at 1241.

The parties dispute whether the third factor, similarity of the parties, is met. "[T]he first-to-file rule does not require exact identity of the parties," only "substantial similarity" is needed. *Id.* at 1240. Quicken Loans is a party to the Michigan case and the instant action. The plaintiffs in the two cases differ. But "[i]n a class action, the court compares the classes, not the class representatives." *Clardy v. Pinnacle Foods Grp., LLC*, No. 16-CV-04385-JST, 2017 WL 57310, at *3 (N.D. Cal. Jan. 5, 2017). "[P]roposed classes in class action lawsuits are substantially similar where both classes seek to represent at least some of the same individuals." *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1296 (N.D. Cal. 2013). Mr. Winters argues the proposed classes are not substantially similar because the class periods differ. (Doc. 37 at 7.) Although the proposed class periods are not identical, the difference between the class periods does not preclude application of the first-to-file rule because the "classes seek to represent at least some of the same individuals." *Retina Assocs. Med. Grp., Inc. v. Olson Rsch. Grp., Inc.*, No. SA CV18-1997-DOC-KES, 2019 WL 3240110, at *3 (C.D. Cal. Mar. 20, 2019) (finding an 11-month difference between class periods did not preclude application of the first-to-file rule). Each threshold factor is therefore satisfied.

**B.    Exceptions**

The first-to-file rule "is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter Sys., Inc.*, 678 F.2d at 95; *Alltrade, Inc.*, 946 F.2d at 628 ("The most basic aspect of the first-to-file rule is that it is discretionary; an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts."). Courts have deviated from the first-to-file rule in cases involving bad faith, anticipatory suit, or forum shopping. *Alltrade, Inc.*, 946 F.2d at 628. Courts have also relaxed the rule's application when "the balance of convenience weighs in favor of the later-filed action." *Ward*, 158 F.R.D. at 648. In this case, there are no allegations of bad faith, anticipatory suit, or forum

shopping. Similarly, neither party contends that the balance of convenience weighs in favor of this later-filed action. Mr. Winters argues "a stay would severely prejudice [him]." (Doc. 37 at 2.) But that argument goes to whether a stay is the proper course of action under the first-to-file rule, not the rule's applicability. Accordingly, the Court finds no reason to depart from the first-to-file rule.

### C. Stay, Dismiss, or Transfer

Because the first-to-file rule applies, the Court must determine the proper course of action. Quicken Loans urges the Court to stay this matter pending the outcome of class certification in the Michigan case. (Doc. 33 at 7–11.) "The Court has discretion not only to . . . stay under the first-to-file rule, but also to [dismiss] if it determines that this would be the most prudent and efficient course of action." *Priddy v. Lane Bryant, Inc.*, No. 08-06889 MMM, 2008 WL 11410109, at *9 (C.D. Cal. Nov. 24, 2008); *see also Alltrade, Inc.*, 946 F.2d at 623 ("[T]he well-established 'first to file rule' . . . allows a district court to transfer, stay, or dismiss an action."). The available paths forward are not limited by Quicken Loans' preference. *See Priddy*, 2008 WL 11410109 at *9; *Clayton v. District of Columbia*, 36 F. Supp. 3d 91, 94 n.1 (D.D.C. 2014) ("*Sua sponte* dismissal of an action duplicative of a parallel action already pending in another federal court is allowable as an exercise of wise judicial administration."). Rather, an "ample degree of discretion" is entrusted to the Court. *Alltrade, Inc.*, 946 F.2d at 628. Having considered the available alternatives, the Court concludes that dismissing this action without prejudice is most efficient.

"A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). In deciding whether to stay a case, the Court weighs "the competing interests which will be affected by the granting or refusal to grant a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "[A] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time." *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). The Michigan case is presently stayed pending the Supreme Court's resolution of *Facebook, Inc. v. Duguid*. August 4, 2020 Text-Order,

*Lopez*, No. 2:19-CV-13340. A scheduling order has not yet been issued in the Michigan case, and thus the class certification deadline has not been set.[2] "Generally, stays should not be indefinite in nature." *Dependable Highway Express, Inc.*, 498 F.3d at 1066. The Court cannot predict with any level of certainty when a stay pending the outcome of class certification in the Michigan case might lift, and there is no indication that the stay would last only for a reasonable time. *Id.* at 1067 (finding a "district court erred by issuing a stay without any indication that it would last only for a reasonable time"). The Court notes that, ordinarily, it would weigh the threat of undue delay against "the hardship or inequity" Quicken Loans "may suffer in being required to go forward." *CMAX, Inc.*, 300 F.2d at 268. The potential harm to Quicken Loans, however, is mitigated by the Court dismissing this case in lieu of a stay. Thus, considering "the general policy favoring stays of short, or at least reasonable, duration," the Court, in its discretion, finds that staying this case under the first-to-file rule is not the most efficient course of action available. *Dependable Highway Express, Inc.*, 498 F.3d at 1067.

Finally, the Court is mindful that "where the first-filed action presents a likelihood of dismissal, the second-filed suit should be stayed, rather than dismissed." *Alltrade, Inc.*, 946 F.2d at 629. Because the Eastern District of Michigan denied Quicken Loans' Rule 12(b)(6) motion, the Michigan case does not present a likelihood of dismissal. Opinion & Order Denying Defendant's Motion to Dismiss, *Lopez*, No. 2:19-CV-13340, ECF No. 22. Accordingly, to maximize efficiency, the Court will dismiss the SAC without prejudice to Mr. Winters amending to allege a proposed class or classes that are not substantially similar to the proposed class in the Michigan case.

### III. CONCLUSION

Accordingly,

---

[2] The parties argue, without citation, that the Court should not consider the status of the Michigan case when applying the first-to-file rule. (Doc. 37 at 7; Doc. 39 at 4.) Numerous district courts, however, have considered the posture of a first-filed case when determining whether to stay a later-filed lawsuit. *See, e.g.*, *Ross v. Blewett*, No. 2:20-CV-01338-SB, 2021 WL 535840, at *3 (D. Or. Feb. 12, 2021) (considering the class certification deadline in a first-filed lawsuit); *McDaniels v. Stewart*, No. 3:15-CV-05943-BHS-DWC, 2017 WL 132454, at *2 (W.D. Wash. Jan. 13, 2017) (same).

**IT IS ORDERED dismissing** the Second Amended Complaint (Doc. 30) pursuant to the first-to-file rule without prejudice.

**IT IS FURTHER ORDERED** allowing Plaintiff 14 days from the issuance of this Order to file a Third Amended Complaint that alleges a non-overlapping class as described herein.

**IT IS FURTHER ORDERED** that if Plaintiff does not file an amended complaint as specified herein within 14 days, the Clerk of the Court shall enter judgment dismissing this case as stated in this Order.

**IT IS FURTHER ORDERED denying** Defendant's Motion to Dismiss (Doc. 32) without prejudice as moot.

**IT IS FURTHER ORDERED denying** Defendant's Motion to Stay Proceedings (Doc. 33) without prejudice to Defendant seeking a stay if Plaintiff timely files an amended complaint and the Supreme Court has not resolved *Facebook, Inc. v. Duguid* by the time a response to any to-be-filed amended complaint is due.

**IT IS FINALLY ORDERED denying** oral argument on the present motions.[3]

Dated this 12th day of March, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge

---

[3] The parties have submitted legal memoranda and oral argument would not have aided the Court's decisional process. *See Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *see also* LRCiv 7.2(f); Fed. R. Civ. P. 78(b).